UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| HEXBG, LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | File No. 1:09-CV-248 |
| STORZ & BICKEL GMBH & CO. KG, STORZ & BICKEL AMERICA, INC. and MARKUS STORZ | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER
(Paper 13)

I. Introduction

Plaintiff HexBG, LLC (HexBG) moves to dismiss (Paper 13) the third claim for relief in Defendants' Storz & Bickel GmbH & Co. KG, Storz & Bickel America, Inc., and Markus Storz (collectively, Storz & Bickel) Answer and Counterclaims (Paper 10) (which alleges interference with contractual relationships and/or prospective economic advantage), on the ground the counterclaim fails to state a claim upon which relief can be granted. Storz & Bickel opposes the motion. (Paper 17.) For the following reasons, the motion is GRANTED.

II. Background

For purposes of this motion, Storz & Bickel's allegations, taken from its answer and counterclaim, are accepted as true. This is a declaratory judgment action initiated by HexBG, a Vermont corporation engaged in the aroma and vapor inhaler business.

1

(Paper 10 at ¶¶ 4, 14.) Markus Storz, a German citizen, Storz & Bickel GmbH & Co. KG (Storz & Bickel KG), a German corporation, and Storz & Bickel America, Inc., a California corporation, are counterclaim plaintiffs. Markus Storz is the owner of a United States patent entitled "Inhaler for Production of Aroma and/or Active Substance-Containing Vapors of Plant Materials and/or Fluids," id. at ¶ 9, which he has exclusively licensed to Storz & Bickel KG. Id. ¶ 11. Storz & Bickel KG is an industry leader in the design, development, and manufacturing of aroma and vapor inhalers, which it markets and sells under the Volcano brand. Id. at ¶ 12. Storz & Bickel America, Inc. sells Volcano brand vaporizers in the United States under license from Storz & Bickel KG. Id. at ¶ 13.

Storz & Bickel brings four counterclaims against HexBG: (1) patent infringement, (2) unfair competition, (3) interference with contractual relationships and/or prospective economic advantage, and (4) an injunction. HexBG moves to dismiss, arguing Storz & Bickel's third counterclaim fails to state a viable cause of action.

III. Discussion

When deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the [pleading] itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement

to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts the facts alleged in the pleading as true, draws all reasonable inferences in favor of the pleader, and dismisses only "if the facts as alleged are insufficient to raise a right to relief above the speculative level." Price v. N.Y. State Bd. of Elections, 540 F.3d 101, 107 (2d Cir. 2008) (citation and internal quotation marks omitted).

Vermont law requires five elements to plead a claim for tortious interference with contractual relations and/or prospective contractual relations: (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional act of interference by the interferer; (4) damage to the party whose relationship or expectancy was disrupted; and (5) proof the interference caused the harm sustained. Gifford v. Sun Data, Inc., 686 A.2d 472, 474 n.2 (Vt. 1996). "The principal distinction between the [torts of interference with contract and interference with prospective contractual relations] is that 'a broader range of privilege to interfere is recognized when the relationship or economic advantage interfered with is only prospective." Id. (citing Pacific Gas & Elec. Co. v. Bear Stearns & Co., 791 P.2d 587, 590 (Cal. 1990)).

Storz & Bickel's counterclaim includes threadbare and conclusory allegations as to each element. (Paper 10 at ¶¶ 29-32, 37.) However, the "formulaic recitation of the elements" of tortious interference does not suffice. See Twombly, 550 U.S. at 555. The counterclaim does not survive Plaintiff's challenge because it lacks "factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For example, the

allegation that Storz & Bickel "has entered into contracts and/or is attempting to enter into contracts with customers for the sale of the Volcano brand vaporizers" does not constitute a sufficient allegation of "the existence of a valid business relationship or expectancy."  See, e.g., Gifford, 686 A.2d at 474 (pleader must show existing business relations between itself and a third party).  Such "naked assertions" of the elements of tortious interference without specific facts do not state a claim for relief.  Twombly, 550 U.S. at 557.

Storz & Bickel's argument that "it can be reasonably inferred that both HexBG and Storz & Bickel vie for the same customers," (Paper 17 at 5), does nothing to support its position that its counterclaim is sufficient under the pleading standards of Twombly.  The pleading must set forth facts that raise the right to relief on the claim above the speculative level.  See Sheehy v. Brown, 335 Fed. App'x 102, 104 (2d Cir. 2009) (affirming dismissal where "allegations [were] so vague as to fail to give . . . adequate notice of the claims").  Accordingly, because Storz & Bickel has not adequately pleaded a claim for tortious interference, the Court grants HexBG's motion to dismiss Storz & Bickel's third counterclaim.  Twombly, 550 U.S. at 558 (reversing denial of motion to dismiss and stating that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court" (internal quotation marks omitted)).

IV.     Conclusion

For the reasons stated above, HexBG's Motion to Dismiss Defendants' Counterclaim for Interference with Contractual Relationships and/or Prospective Economic Advantage (Paper 13) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of April, 2010.

                                          /s/ J. Garvan Murtha
                                          Honorable J. Garvan Murtha
                                          Senior United States District Judge